# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No. 3:25-CV-00332-MOC-SCR |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No. 3:25-CV-469-MOC-DCK |

**MEMORANDUM OF LAW IN SUPPORT OF JAN DUJMOVIC'S
MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

                                                                                        **Page**

I.      FACTUAL BACKGROUND ............................................................................ 2

II.     PROCEDURAL HISTORY ............................................................................ 3

III.    ARGUMENT .................................................................................................. 4

        A.    Consolidation of the Actions Is Appropriate ...................................... 4

        B.    Appointing Movant as Lead Plaintiff Is Appropriate ......................... 5

              1.    Movant Filed a Timely Motion. ................................................ 6

              2.    Movant Has the Largest Financial Interest in the Relief Sought. .............................. 7

              3.    Movant Satisfies the Relevant Requirements of Rule 23. .......................................... 7

                    a.    Movant's Claims Are Typical. ........................................ 8

                    b.    Movant Is An Adequate Representative. ......................... 9

        C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ..................................... 9

IV.     CONCLUSION ............................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 6, 7

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001) ...................................................................................................... 10

*In re Cree, Inc., Sec. Litig.,*
  219 F.R.D. 369 (M.D.N.C. 2003) ............................................................................................... 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................... 9

*Ferrari v. Impath, Inc.,*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ....................................................... 4

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990) ................................................................................................. 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................... 8

*Martingano v. Am. Int'l Grp., Inc.,*
  Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Simpson v. Specialty Retail Concepts,*
  149 F.R.D. 94 (M.D.N.C. 1993) ................................................................................................. 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 8

*Weltz v. Lee,*
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ............................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 42(a) ............................................................................................... 4, 5

Jan Dujmovic ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Ranchor Harris Law ("Harris Law") as Liaison Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Krispy Kreme, Inc. ("Krispy Kreme" or the "Company") securities between March 26, 2024 to May 7, 2025, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants Krispy Kreme, Josh Charlesworth ("Charlesworth"), and Jeremiah Ashukian ("Ashukian") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the

---

[1] The action entitled *Cameron v. Krispy Kreme, Inc., et al.*, No. 3:25-CV-00332-MOC-SCR (the "*Cameron* Action") defines the Class Period as February 25, 2025 through May 7, 2025, inclusive. The action styled *Leodler v. Krispy Kreme, Inc., et al.,* No. 3:25-CV-469-MOC-DCK (the "*Leodler* Action") defines the Class Period as March 26, 2024 through May 7, 2025, inclusive. Movant adopts the most-inclusive Class Period defined in the *Leodler* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

"most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.     FACTUAL BACKGROUND[2]

Krispy Kreme, together with its subsidiaries, produces doughnuts. ¶ 2. On October 26, 2022, the Company commenced a small-scale test to offer doughnuts at McDonald's Corporation ("McDonald's") restaurants in Louisville, Kentucky and the surrounding area. *Id.* Krispy Kreme and McDonald's announced on March 26, 2024 they would expand their partnership nationwide beginning in the second half of 2024. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose: (1) that demand for Krispy Kreme products declined materially at McDonald's locations after the initial marketing launch; (2) that demand at McDonald's locations was a driver of declining average sales per door per week; (3) that the partnership with McDonald's was not profitable; (4) that the foregoing posed

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Cameron* Complaint") filed in the *Cameron* Action. Citations to "*Leodler* ¶ __" are to paragraphs of the Class Action Complaint (the "*Leodler* Complaint") filed in the *Leodler* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Cameron* and *Leodler* Complaints. The facts set forth in the *Cameron* and *Leodler* Complaints are incorporated herein by reference.

a substantial risk to maintaining the partnership with McDonald's; (5) that, as a result, the Company would pause expansion into new McDonald's locations; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

The truth began to emerge on February 25, 2025, when Krispy Kreme issued a press release reporting disappointing fourth quarter 2024 financial results despite the recent partnership with McDonald's restaurants in March 2024. *Leodler* ¶ 4. The Company reported a decline in "net revenue of $404 million, a decline of 10.4%" in addition to a decrease in "DFD average sales per door per week…driven by changing customer mix." *Id.*

As the market reacted to this news, Krispy Kreme's stock price dropped from $9.13 per share on February 24, 2025 to $7.13 per share on February 25, 2025. *Leodler* ¶ 5.

Before the market opened on May 8, 2025, Krispy Kreme released its first quarter 2025 financial results, reporting its "net revenue was $375.2 million…a decline of 15.3%" and a "net loss of $33.4 million, compared to prior year net loss of $6.7 million." ¶ 3. Additionally, the Company announced that it is "reassessing [its] deployment schedule together with McDonald's" and "withdrawing [its] prior full year outlook and not updating it" due in part to "uncertainty around the McDonald's deployment schedule." *Id.*

In response to this news, the price of Krispy Kreme shares declined $1.07 per share, or 24.71%, to close on May 8, 2025 at $3.26 per share, on unusually heavy trading volume. ¶ 4.

## II.  PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Cameron* Action against the Defendants. Plaintiff David Cameron ("Cameron") commenced the first-filed action on May 16, 2025. On that same day, counsel acting on Cameron's behalf published a notice on *Bussiness Wire* announcing

3

that a securities class action had been initiated against the Defendants. *See* Exhibit 3 ("Press Release") to the Declaration of S. Ranchor Harris, III in Support of Movant's Motion ("Harris Decl.").

On June 30, 2025, a substantially similar action was filed against Krispy Kreme in this Court by Levi & Korsinsky and Harris Law, the *Leodler* Action. Movant has requested consolidation of the *Cameron* and *Leodler* Actions.

## III.     ARGUMENT

### A.      Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and

quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.  Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $836,778.64 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. 2 to Harris Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On May 16, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Cameron published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Krispy Kreme securities that they had 60 days from the publication of the May 16, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Harris Decl., Ex. 3.

Movant timely filed his motion within the 60-day period following publication of the May 16, 2025 Press Release and submitted herewith a sworn certification attaching his transactions in Krispy Kreme securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. 1 to Harris Decl. By making a timely motion in response to a PSLRA

notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Krispy Kreme securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $836,778.64. *See* Harris Decl., Ex. 2. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

7

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003) ("A presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed.").

### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 99 (M.D.N.C. 1993) ("typicality requirement is met if [the movant's] claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory."); *Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Krispy Kreme's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Krispy Kreme securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality

8

satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Harris Decl., Ex. 2. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor. He resides in Dubai, United Arab Emirates, and possesses a bachelor's degree in economics with a specialization in management. Movant is currently self-employed and has an online business, selling educational subscription services. He has been an active retail investor for about a decade, primarily managing a long-term portfolio that includes indexes and stocks. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Harris Decl., Ex. 4, Movant's Declaration in support of his motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only

to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as proposed Lead Counsel for the Class and Harris Law as the proposed Liaison Counsel. The members of Levi & Korsinsky and Harris Law have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* Harris Decl. Exhibit 5 (the firm résumé of Levi & Korsinsky). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff; (3) approving his selection of Levi & Korsinsky as Lead Counsel and Harris Law as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Dated: July 15, 2025

Respectfully Submitted,

By: /s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III
**RANCHOR HARRIS LAW**
1784 Heritage Center Drive, Suite 204-E
Wake Forest, NC 27587
Tel.: (919) 586-8760
Email: ranchor@ranchorharris.com
Fax: 919-589-4845
State Bar No. N.C. 21022

*Laision Counsel for Jan Dujmovic and*
*[Proposed] Laision Counsel for the Class*

10

Adam M. Apton (*pro hac vice* forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jan Dujmovic and*
*[Proposed] Lead Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III
