## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>        Defendants. | Case No. 3:25-cv-00332-MOC-SCR<br><br><br>Hon. Max O. Cogburn, Jr. |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>        Defendants. | Case No. 3:25-cv-00469-MOC-DCK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID CAMERON FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Plaintiff David Cameron ("Cameron" or "Plaintiff") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Cameron as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Cameron's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Krispy Kreme, Inc. ("Krispy Kreme" or the "Company") securities between February 25, 2025 and May 7, 2025, inclusive (the "Class Period").[1] Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the "most adequate plaintiff."

Cameron believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Cameron satisfies the relevant requirements of Rule 23, as his claims are typical of other class

---

[1] The complaint filed in the *Leodler* Action seeks to expand the class period to begin on March 26, 2024. However, February 25, 2025 is the proper start date, as that is the start date supported by the facts in this action.

members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Cameron respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Cameron's selection of GPM as lead counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the has the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Krispy Kreme, together with its subsidiaries, produces doughnuts. On October 26, 2022, the Company commenced a small-scale test to offer doughnuts at McDonald's Corporation ("McDonald's") restaurants in Louisville, Kentucky and the surrounding area.

The complaint filed in this action alleges that throughout the Class Period Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that demand for Krispy Kreme products declined materially at McDonald's locations after the initial marketing launch; (2) that demand at McDonald's locations was a driver of declining average sales per door per week; (3) that the partnership with McDonald's was not profitable; (4) that the foregoing posed a substantial risk to maintaining the partnership with McDonald's; (5) that, as a result, the Company would pause expansion into new McDonald's locations; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 8, 2025, before the market opened, Krispy Kreme released its first quarter 2025 financial results, reporting its "net revenue was $375.2 million … a decline of 15.3%" and a "net

loss of $33.4 million, compared to prior year net loss of $6.7 million." Additionally, the Company announced that it is "reassessing [its] deployment schedule together with McDonald's" and "withdrawing [its] prior full year outlook and not updating it" due in part to "uncertainty around the McDonald's deployment schedule."

On this news, the price of Krispy Kreme shares fell 24.71%, or $1.07 per share, to close at $3.26 per share on May 8, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the class members have suffered significant losses and damages.

## III. PROCEDURAL BACKGROUND

On May 16, 2025, Plaintiff David Cameron commenced this securities fraud class action against Krispy Kreme and certain of its officers, captioned *Cameron v. Krispy Kreme, Inc.*, No. 3:25-cv-00332-MOC-SCR (the "*Cameron* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired Krispy Kreme securities during the period from February 25, 2025 and May 7, 2025, inclusive.

On June 30, 2025, Plaintiff Elizabeth Leodler commenced a similar action, captioned *Leodler v. Krispy Kreme, Inc.*, No. 3:25-cv-00469-MOC-DCK (the "*Leodler* Action," and together with the *Cameron* Action, the "Related Actions"). The *Leodler* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired Krispy Kreme securities between March 26, 2024 to May 7, 2025, inclusive.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. Both of the Related Actions presents similar factual

3

and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B. Cameron Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

4

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). As set forth below, Cameron satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Cameron has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Cameron is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Cameron respectfully submits that he should be appointed lead plaintiff.

### 1. Cameron Filed the Complaint and a Timely Motion

Cameron filed the complaint in this action, and has made a timely motion in response to a PSLRA early notice. On May 16, 2025, pursuant to the PSLRA, notice of the pendency of this case was published announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Garth Spencer ("Spencer Decl."), Ex. A. Therefore, Cameron had sixty days (*i.e.*, until July 15, 2025), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Krispy Kreme securities Cameron is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Cameron's PSLRA certification, Cameron attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Dkt. No. 1 at 23-24. Accordingly, Cameron satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2. Cameron Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Cameron believes that he has the largest financial interest among class members who filed timely

applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Cameron purchased Krispy Kreme securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $19,600. *See* Spencer Decl., Ex. B. To the best of his knowledge, Cameron is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Cameron believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Cameron Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At the lead plaintiff stage of the litigation, a movant "need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed." *Ollila v. Babcock & Wilcox Enters., Inc.*, 253 F. Supp. 3d 827, 830 (W.D.N.C. 2017).

### a) Cameron's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's "claims are based on the same interests and same injuries alleged by other purported class members." *Id.*

Cameron's claims are typical of the claims asserted by the proposed class. Like all members of the class, Cameron alleges that Defendants' material misstatements and omissions concerning Krispy Kreme's business, operations, and financial prospects violated the federal securities laws. Cameron, like all of the members of the class, purchased Krispy Kreme securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Cameron's interests and claims are "typical" of the interests and claims of the class.

### b) Cameron Is an Adequate Representative

The adequacy requirement is satisfied where the "class representative and the selected attorney are capable of pursuing this litigation and neither have a conflict of interests with other members of the purported class." *Id.*

Cameron has demonstrated this adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Spencer Decl., Ex. C (GPM firm résumé); Spencer Decl., Ex. B (Cameron financial interest analysis). Cameron resides in Frisco, Texas and has more than 5 years of investing experience. Cameron also has a master's degree from the University of North Texas Health Sciences Center. Cameron is also not aware of any conflict between his claims and those asserted on behalf of the class. Accordingly, Cameron should be appointed as lead plaintiff.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Cameron has selected GPM as lead counsel for the class. The firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Spencer Decl., Ex. C, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Cameron's selection of counsel.

## V. CONCLUSION

For the foregoing reasons, Cameron respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Cameron as lead plaintiff; (3) approving Cameron's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

8

Respectfully submitted,

Dated: July 15, 2025

/s/ *Garth Spencer*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan*
  CLinehan@glancylaw.com
Garth Spencer (NCSB# 60142)
  GSpencer@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for David Cameron and Proposed Lead Counsel for the Class*


**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz*
  FCruz@frankcruzlaw.com
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*


* *Pro hac vice* forthcoming.

9

## <u>CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE</u>

The undersigned, counsel of record for Plaintiff David Cameron, certifies pursuant to the Standing Order Regarding use of Artificial Intelligence (3:24-mc-104) that:

1.     No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2.     Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.


Dated: July 15, 2025                                         */s/ Garth Spencer*
                                                             Garth Spencer


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2025, I served the foregoing Memorandum of Law in Support of Motion of David Cameron for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Counsel on all counsel of record via the CM/ECF system.

                                                             */s/ Garth Spencer*
                                                             Garth Spencer