# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

KRISPY KREME, INC., et al.,

Defendants.

Case No. 3:25-cv-00332-MOC-SCR

ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

KRISPY KREME, INC., et al.,

Defendants.

Case No. 3:25-cv-00469-MOC-DCK

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4934-7833-9669.v1

## I. INTRODUCTION

Two related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of all purchasers or acquirers of Krispy Kreme, Inc. ("Krispy Kreme" or the "Company") securities between March 26, 2024 and May 7, 2025, inclusive (the "Class Period").[1] The complaints involve overlapping allegations of wrongdoing under the Securities Exchange Act of 1934 (the "Exchange Act"). In securities cases like these, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Muhammad Q. Jan should be appointed lead plaintiff because he filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Jan's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

---

[1] The Related Actions are *Cameron v. Krispy Kreme, Inc.*, No. 3:25-cv-00332 and *Leodler v. Krispy Kreme, Inc.*, No. 3:25-cv-00469.

- 1 -

4934-7833-9669.v1

## II.    FACTUAL BACKGROUND

Headquartered in Charlotte, Krispy Kreme produces and sells doughnuts.  On October 26, 2022, Krispy Kreme commenced a small-scale test to offer doughnuts at McDonald's Corporation restaurants in Louisville, Kentucky and the surrounding area and on March 26, 2024, Krispy Kreme and McDonald's announced they would expand their partnership nationwide beginning in the second half of 2024.  Krispy Kreme stock trades on the NASDAQ under the ticker DNUT.

The complaints allege that defendants, throughout the Class Period, made false and/or misleading statements and failed to disclose that: (i) lower demand at McDonald's locations accounted for the declining average weekly sales per store; and (ii) the partnership with McDonald's was not profitable thereby causing Krispy Kreme to pause expansion into new McDonald's locations.

On February 25, 2025, Krispy Kreme reported disappointing fourth quarter 2024 financial results despite the recent partnership with McDonald's restaurants in March 2024.  Krispy Kreme reported a decline in "net revenue of $404.0 million, a decline of 10.4%" in addition to a decrease in "DFD average sales per door per week . . . driven by changing customer mix."  ECF 1 at ¶17.  On this news, the price of Krispy Kreme stock fell nearly 22%.

Then, on May 8, 2025, Krispy Kreme released its first quarter 2025 financial results, reporting its "net revenue was $375.2 million . . . a decline of 15.3%" and a "net loss of $33.4 million, compared to prior year net loss of $6.7 million."  ECF 1 at ¶21.  Additionally, Krispy Kreme announced that it is "reassessing [its] deployment schedule together with McDonald's" and "withdrawing [its] prior full year outlook and not updating it" due in part to "uncertainty around the McDonald's deployment schedule."  *Id.*  On this news, the price of Krispy Kreme shares fell nearly 25%.

- 2 -

4934-7833-9669.v1

As a result of defendants' wrongful acts and omissions and the decline in Krispy Kreme's stock value, Mr. Jan and other class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).  Courts have recognized that class action shareholder suits are particularly well suited for Rule 42(a) because "'consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports.'"  *Ash v. PowerSecure Int'l, Inc*., 2014 WL 5100607, at *1 (E.D.N.C. Oct. 10, 2014) (quoting *In re MicroStrategy Inc. Sec. Litig*., 110 F. Supp. 2d 427, 431 (E.D. Va. 2000)).

The Related Actions present similar factual and legal issues, alleging the same violations of the Exchange Act against the same defendants in overlapping class periods.  Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits.  Thus, consolidation is appropriate here.  *See Ash*, 2014 WL 5100607 at *2 (ordering consolidation when "the legal claims in the three actions are identical" and "[a]ll three [actions] allege the same or similar material misrepresentations").

### B.  Mr. Jan Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported

4934-7833-9669.v1

plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on May 16, 2025. *See* Declaration of Robert N. Hunter, Jr. in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Hunter Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Jan meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Jan's Motion Is Timely

The May 16, 2025, statutory notice published in connection with the filing of the *Cameron* complaint advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by July 15, 2025. *See* Hunter Decl., Ex. A. Because Mr. Jan's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

- 4 -

4934-7833-9669.v1

### 2. Mr. Jan Has a Significant Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Jan suffered losses of approximately $53,535 on his purchases of Krispy Kreme securities during the Class Period. *See* Hunter Decl., Exs. B, C. Therefore, Mr. Jan has a significant financial interest in the outcome of this litigation.

### 3. Mr. Jan Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'A presumptive lead plaintiff need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed.'" *Hirtenstein v. Cempra, Inc.*, 2017 WL 2874588, at *4 (M.D.N.C. July 5, 2017) (citation omitted).

"'The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues.'" *Id.* (citation omitted). Here, like all other class members, Mr. Jan purchased Krispy Kreme securities during the Class Period and suffered damages resulting from the artificially inflated price of the Company's stock. Indeed, all Krispy Kreme securities Mr. Jan purchased during the Class Period were held through the end of the Class Period.

"'Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members.'" *Id.* (citation omitted). Mr. Jan's substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Mr. Jan's interests are aligned with the putative class. Mr. Jan has amply demonstrated his adequacy by signing a sworn Certification and Declaration stating that he is willing to serve as, and to assume the responsibilities of, class representative. *See* Hunter

- 5 -

Decl., Exs. B, D.  Finally, Mr. Jan has retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions.

Because Mr. Jan filed a timely motion, has a large financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that he is the presumptive lead plaintiff.

### C. The Court Should Approve Mr. Jan's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Mr. Jan has selected Robbins Geller to serve as lead counsel in this case.

Robbins Geller, a nearly 200-attorney nationwide law firm, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Cempra*, 2017 WL 2874588, at *5 (approving movant's selection of Robbins Geller as lead counsel and finding Robbins Geller "experienced in the area of securities actions").  Indeed, Robbins Geller lawyers obtained the largest recovery ever in a securities class action in North Carolina and one of the largest recoveries in the Fourth Circuit in *Nieman v. Duke Energy Corp.*, No. 3:12-cv-00456-MOC-DSC (W.D.N.C.).

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D.

4934-7833-9669.v1

Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Jan's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions should be consolidated because they contain common issues of law and fact. Additionally, Mr. Jan satisfies each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Jan respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel for the class.

---

[2] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4934-7833-9669.v1

**CERTIFICATION PURSUANT TO GENERAL STANDING ORDER NO. 3:24-mc-104**

I, Robert N. Hunter, Jr., certify that no artificial intelligence was employed in doing the research for the preparation of this document. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

DATED: July 15, 2025

Respectfully submitted,

HIGGINS BENJAMIN, PLLC
ROBERT N. HUNTER, JR. (#5679)

s/ Robert N. Hunter, Jr..
ROBERT N. HUNTER, JR.

301 N. Elm Street, Suite 800
Greensboro, NC 27401
Telephone: 336/275-7577
rnhunterjr@greensborolaw.com

Local Counsel for Proposed Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4934-7833-9669.v1

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify under penalty of perjury that on July 15, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                       s/ ROBERT N. HUNTER, JR.
                       ROBERT N. HUNTER, JR.

                       HIGGINS BENJAMIN, PLLC
                       301 N. Elm Street, Suite 800
                       Greensboro, NC  27401
                       Telephone:  336/275-7577

                       Email:  rnhunterjr@greensborolaw.com

4934-7833-9669.v1

# Mailing Information for a Case 3:25-cv-00332-MOC-SCR Cameron v. Krispy Kreme, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Nathan C. Chase , Jr**
  nchase@robinsonbradshaw.com,Docketing@robinsonbradshaw.com

- **Alexander C. Drylewski**
  alexander.drylewski@skadden.com,alexander-drylewski-0847@ecf.pacerpro.com

- **Robert Evans Harrington**
  rharrington@robinsonbradshaw.com,docketing@robinsonbradshaw.com,mbaucom@rbh.com,TWolfe@robinsonbradshaw.com

- **S. Ranchor Harris , III**
  ranchor@ranchorharris.com

- **Gary W. Jackson**
  gjackson@farrin.com,bculler@farrin.com,alively@farrin.com

- **Scott D. Musoff**
  Scott.Musoff@skadden.com,scott-musoff-8208@ecf.pacerpro.com

- **Garth Avery Spencer**
  gspencer@glancylaw.com,garth-spencer-0632@ecf.pacerpro.com

- **William R. Terpening**
  terpening@terpeninglaw.com,reid@terpeninglaw.com,assistant@terpeninglaw.com,brock@terpeninglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)