UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-CV-00332-MOC-SCR |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No. 3:25-CV-469-MOC-DCK |

**JAN DUJMOVIC'S OPPOSITION TO COMPETING MOTIONS
FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

    I.    THE PROCESS FOR APPOINTING A LEAD PLAINTIFF UNDER THE PSLRA. ................................................................................................................... 2

    II.    FINANCIAL INTEREST IS MEASURED USING FOUR FACTORS. ........................ 3

    III.    MR. DUJMOVIC IS THE MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION AND ALSO MEETS THE RULE 23 REQUIREMENTS. ........................................................................ 4

    IV.    THE OTHER MOVANTS DO NOT HAVE "PROOF" TO REBUT MR. DUJMOVIC'S STATUS AS THE PRESUMPTIVE LEAD PLAINTIFF. .............................. 8

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   04-cv-0265, 2004 U.S. Dist. LEXIS 10200 (E.D. Pa. June 3, 2004) ........................................ 9

*Banurs v. Li Auto Inc.*,
   No. 24-cv-3470 (DG) (VMS), 2024 U.S. Dist. LEXIS 234174 (E.D.N.Y. Dec. 30, 2024) ... 10

*Borenstein v. Finova Grp.*,
   No. CIV 06-619-PHX-SMM, 2000 U.S. Dist. LEXIS 14732 (D. Ariz. Aug. 30, 2000), ....... 11

*Burnham v. Qutoutiao Inc.*,
   No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020)………….7

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 1992) ...................................................................................... 7, 8, 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 6

*In re Cree, Inc. Sec. Litig.*,
   219 F.R.D. 369 (M.D.N.C. 2003) .................................................................................. 5, 6

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ....................................................................................... 4

*Francisco v. Abengoa, S.A.*,
   Nos. 15 Civ. 6279 (ER), et. al., 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .... 10

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542, 547-48 (N.D. Tex. 1997)……………………………………………11

*Grad v. Ironnet, Inc.*,
   No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist. LEXIS 125880 (E.D. Va. July 15, 2022) .... 8

*Kasilingam v. Tilray, Inc.*,
   1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020) .................... 8

*McIntyre v. Chelsea Therapeutics Int'l.*,
   No. 3:12-cv-213-MOC-DCK, 2012 U.S. Dist. LEXIS 115481
   (W.D.N.C. Aug. 16, 2012) ............................................................................................ 3, 5

*Palm Tran, Inc. v. Emergent Biosolutions*,
   No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894 (D. Md. Dec. 23, 2021) .......................... 3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................... 8

*Rabin v. John Doe Mkt. Makers*,
    254 F. Supp. 3d 754 (E.D. Pa. 2015) ........................................................................... 9

*Reiger v. Altris Software, Inc.*,
    Case No. 98cv0528J (JFS), 1998 U.S. Dist. LEXIS 14705 (S.D. Cal. Sep. 11, 1998) ............ 9

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) ............................................................................ 6

*Rice v. Genworth Fin. Inc.*,
    C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017) ....................... 8

*Rodriguez v. Draftkings Inc.*,
    Nos. 21 Civ. 5739 (PAE), et. al., 2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12,
    2021) ........................................................................................................................... 4

*Shim v. DZS Inc.*,
    No. 4:23-CV-549-SDJ, 2025 U.S. Dist. LEXIS 34148 (E.D. Tex. Feb. 26, 2025) ................ 10

*Simpson v. Specialty Retail Concepts*,
    149 F.R.D. 94 (M.D.N.C. 1993) ................................................................................... 6

*Sofran v. Labranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ................................................................................. 8

*Tchatchou v. India Globalization Capital, Inc.*,
    No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329 (D. Md. Feb. 28, 2019) .............. 1, 8

*In re Tronox, Inc.*,
    262 F.R.D. 338, 347-48 (S.D.N.Y. 2009) .....................................................................11

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
    No. CIV A 07-177, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7, 2007) ............................. 9

**Statutes**

15 U.S.C. §78u-4 .................................................................................................... *passim*

# PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as "lead plaintiff" the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). That person or entity is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I). Jan Dujmovic ("Mr. Dujmovic") is the movant with the largest financial interest in the outcome of the litigation who also satisfies Rule 23's typicality and adequacy requirements. Therefore, the Court should grant Mr. Dujmovic's motion and approve him and his chosen counsel as lead plaintiff and lead counsel, respectively.

Courts in this Circuit typically evaluate financial interests using the following four factors: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *11 (D. Md. Feb. 28, 2019). Under these factors, Mr. Dujmovic is the movant with the "largest financial interest" in the litigation:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Jan Dujmovic** | 87,999 | 87,977 | $1,098,344.04 | $836,778.64 |
| **West Palm Beach Police Pension Fund** | 61,795 | 61,795 | $540,859.18 | $355,783.16 |
| **Teja Mudiki** | 6,899 | 4,064 | $43,767.86 | $61,463.00 |
| **Muhammad Q. Jan** | 9,368 | 9,368 | $81,412.86 | $53,535.45 |
| **David Cameron** | 12,000 | 11,750 | $58,375.00 | $19,600.00 |

*See* ECF Nos. 14-2, 17-2, 22-1, 25-2, and 28-3.

With $836,778.64 in claimed losses, Mr. Dujmovic has a strong incentive to vigorously represent the class's claims. These losses are directly attributable to Mr. Dujmovic's purchases of Krispy Kreme, Inc. ("Krispy Kreme") securities on the open market and the damages he sustained as a result thereof. Thus, his claims are exactly the same as every other member of the class. If appointed, Mr. Dujmovic is well qualified to oversee this litigation given his decade-plus years of investing experience and educational background (*i.e.*, a Bachelor'ss degree in Economics with a specialization in Management). *See* ECF No. 14-4 (Mr. Dujmovic's Declaration). Mr. Dujmovic's evidentiary showing on the motion is sufficient to trigger the PSLRA's presumption of "most adequate plaintiff" to serve as the lead plaintiff and, as demonstrated below, none of the other movants will be able to rebut that presumption. Accordingly, Mr. Dujmovic respectfully requests that his motion be granted in its entirety.[1]

## ARGUMENT

**I.      THE PROCESS FOR APPOINTING A LEAD PLAINTIFF UNDER THE PSLRA.**

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or

---

[1] On July 28, 2025, at approximately 4:30 p.m. EDT, counsel for West Palm Beach Police Pension Fund contacted the undersigned with questions concerning Mr. Dujmovic's qualifications to serve as the lead plaintiff and indicated they would move for leave to take discovery. Mr. Dujmovic responds preliminarily to these points below.

2

group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also McIntyre v. Chelsea Therapeutics Int'l.*, No. 3:12-cv-213-MOC-DCK, 2012 U.S. Dist. LEXIS 115481, at *5 (W.D.N.C. Aug. 16, 2012). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

## II. FINANCIAL INTEREST IS MEASURED USING FOUR FACTORS.

When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest and then decide whether they have met the adequacy and typicality requirements of Rule 23. 15 U.S.C. §78u-4 (a)(3)(B)(iii)(I)(bb). Courts in this Circuit routinely consider four factors when evaluating a movant's financial interests in the litigation: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *See Palm Tran, Inc. v. Emergent Biosolutions*, No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894, at *12 (D. Md. Dec. 23, 2021).

Using these four factors, the following table provides the financial interests of each movant:

| **Movant** | **Gross Shares Purchased** | **Net Shares Retained** | **Net Funds Expended** | **Claimed Losses** |
|---|---|---|---|---|

3

| | | | | |
|---|---|---|---|---|
| **Jan Dujmovic** | 87,999 | 87,977 | $1,098,344.04 | $836,778.64 |
| **West Palm Beach Police Pension Fund** | 61,795 | 61,795 | $540,859.18 | $355,783.16 |
| **Teja Mudiki** | 6,899 | 4,064 | $43,767.86 | $61,463.00 |
| **Muhammad Q. Jan** | 9,368 | 9,368 | $81,412.86 | $53,535.45 |
| **David Cameron** | 12,000 | 11,750 | $58,375.00 | $19,600.00 |

*See* ECF Nos. 14-2, 17-2, 22-1, 25-2, and 28-3.

Mr. Dujmovic is the movant with the largest individual financial interest under all four factors considered by courts within this Circuit. Generally, courts have considered the fourth factor, the magnitude of the loss suffered, to be the most important factor. *See Emergent Biosolutions*, 2021 U.S. Dist. LEXIS 244894, at *12 ("[t]he fourth factor is widely considered the most important"); *see also In re Cavanaugh,* 306 F.3d 726, 727 (9th Cir. 2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status"); *Rodriguez v. Draftkings Inc.*, Nos. 21 Civ. 5739 (PAE), et. al., 2021 U.S. Dist. LEXIS 219489, at *11 (S.D.N.Y. Nov. 12, 2021) ("[o]f these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[a]lthough courts have differed on how much weight to assign to each of the *Lax* factors, we, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."). Mr. Dujmovic suffered the greatest loss with nearly ***$500,000 more*** than the next closest movant.

### III. MR. DUJMOVIC IS THE MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION AND ALSO MEETS THE RULE 23 REQUIREMENTS.

As demonstrated above, Mr. Dujmovic has the largest financial interest in this litigation by far. Mr. Dujmovic also satisfies the typicality and adequacy requirements of Rule 23. At this stage

in the litigation, a "presumptive lead plaintiff need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of the rule to be appointed." *McIntyre,* 2012 U.S. Dist. LEXIS 115481, at *5; *see also In re Cree, Inc. Sec. Litig.,* 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Mr. Dujmovic's claims are both typical and adequate since his "claims are typical, if not identical, to the other class members, having [acquired] defendant's common stock, suffered damages due to defendant's actions, and possessing claims against [the] defendant [company] and its officers and/or directors." *McIntyre*, 2012 U.S. Dist. LEXIS 115481, at *6. Mr. Dujmovic's claims are typical of those of other Class members because, like other Class members, he purchased Krispy Kreme securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the above-captioned actions (the "Actions"). *See* ECF No. 13 (Memorandum in Support of Motion). The Class Period runs between March 26, 2024 to May 7, 2025, inclusive. As shown in the chart below, Mr. Dujmovic made several purchases throughout the Class Period:

| Trade Date | Sum of Shares Purchased | % of Total Shares Acquired |
|---|---|---|
| 3/27/2024 | 49,620 | **56.387%** |
| 5/23/2024 | 16,214 | **18.425%** |
| 5/24/2024 | 1,000 | **1.136%** |
| 5/28/2024 | 1,000 | **1.136%** |
| 5/29/2024 | 1,862 | **2.116%** |
| 5/30/2024 | 3 | **0.003%** |
| 3/11/2025 | 18,300 | **20.796%** |
| **Total Shares** | **87,999** | **100.000%** |

*See* ECF No. 14-1 (Certification with Transaction Schedule).

By purchasing Krispy Kreme shares at various points throughout the Class Period, Mr. Dujmovic will be able to represent a diverse cross section of the Class. Moreover, Mr. Dujmovic's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 99 (M.D.N.C. 1993) ("typicality requirement is met if [the movant's] claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory.").

Moreover, Mr. Dujmovic is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); s*ee Cree*, 219 F.R.D. at 372. Mr. Dujmovic has shown that his choice of lead counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 14-5 (Levi & Korsinsky firm resume). Mr. Dujmovic's choice of liaison counsel, Ranchor Harris Law**,** is also well qualified. Mr. Harris has over 30 years of experience as a civil trial lawyer, cumulatively achieving settlements and verdicts totaling millions of dollars in recovery for his clients. This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Dujmovic has no conflicts with other Class Members. *See* ECF No. 13 at p. 9 (Memorandum in Support of Motion); *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Not only is there no evidence of any antagonism

between Mr. Dujmovic's interests and those of the Class, but Mr. Dujmovic has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Finally, Mr. Dujmovic has further demonstrated his adequacy by submitting a declaration in support of his Motion attesting that he is a sophisticated investor by providing his employment, education, and years of investing experience. *See* ECF No. 14-4 (Mr. Dujmovic's Declaration). Mr. Dujmovic resides in Dubai, United Arab Emirates, and possesses a bachelor's degree in economics with a specialization in management. *Id.* at ¶3. He is currently self-employed and owns an online business, selling educational subscription services. *Id.* at ¶3. Mr. Dujmovic has been an active retail investor for about a decade, primarily managing a long-term portfolio that includes indexes and stocks. *Id.* at ¶3. Further, in his certification and declaration, Mr. Dujmovic states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 14-1 and 14-4 (Mr. Dujmovic's PSLRA Certification & Declaration).

Mr. Dujmovic, therefore, is the movant for lead plaintiff that has the largest financial interest in the Actions and otherwise meets the requirements of Rule 23. Accordingly, Mr. Dujmovic is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C §78u-4(a)(3)(B)(iii)(II). Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 1992) ("once the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive

7

lead plaintiff will not do a 'fair and adequate[]' job."); *Kasilingam v. Tilray, Inc.,* 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *Cavanaugh*, 306 F.3d at 732). This presumption may be rebutted only upon ***proof*** by a class member that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §78u-4(a)(3)(B)(iii)(II); *Cendant Corp.*, 264 F.3d at 268; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (internal quotation and citation omitted); *see also Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *24 (E.D. Va. Aug. 25, 2017) ("To demonstrate that the lead plaintiff will be inadequate, courts require a showing of 'specific support in evidence of the existence of an actual or potential conflict of interest.'"). This the other movants have not, and cannot, do.

## IV. THE OTHER MOVANTS DO NOT HAVE "PROOF" TO REBUT MR. DUJMOVIC'S STATUS AS THE PRESUMPTIVE LEAD PLAINTIFF.

The PSLRA explicitly states that once triggered, the lead plaintiff presumption can only be rebutted with "proof" of inadequacy or incapacity to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Courts do not treat this standard lightly. Indeed, as one District Court within the Fourth Circuit recently held, "[w]ithout such hard 'proof' required by the PSLRA, this Court will not discount the high burden of proof that challengers must overcome to successfully rebut the lead plaintiff presumption." *Grad v. Ironnet, Inc.*, No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist. LEXIS 125880, at *17-18 (E.D. Va. July 15, 2022); *see also Tchatchou*, 2019 U.S. Dist. LEXIS 33329, at *22-23 ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead

8

plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job."). None of the remaining movants has "proof" showing that Mr. Dujmovic cannot do a fair and adequate job representing the class.

Anticipating two potential arguments from the next closest movant, West Palm Beach Police Pension Fund, Mr. Dujmovic respectfully argues that the PSLRA does not give preferential treatment to institutional investors or otherwise except them from the presumption in Mr. Dujmovic's favor. *See In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 04-cv-0265, 2004 U.S. Dist. LEXIS 10200, at *7 (E.D. Pa. June 3, 2004) ("The language of the [PSLRA] does not require that institutional investors take precedence over individual plaintiffs who are otherwise qualified to serve in a lead capacity."); *Reiger v. Altris Software, Inc.*, Case No. 98cv0528J (JFS), 1998 U.S. Dist. LEXIS 14705, at *14 (S.D. Cal. Sep. 11, 1998) ("If Congress had intended to restrict the application of the rebuttable presumption to institutional investors, it could have stated such in the statute.").

The fact that Mr. Dujmovic is not an "institutional investor" (*e.g.*, a pension fund) does not constitute the level of "proof" of inadequacy that West Palm Beach Police Pension Fund would need to topple Mr. Dujmovic as the most adequate plaintiff. *Rabin v. John Doe Mkt. Makers*, 254 F. Supp. 3d 754, 760-61 (E.D. Pa. 2015) (rejecting argument that an institutional investor should be appointed as Lead Plaintiff because the PSLRA favors intuitional investors over individuals); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177, 2007 U.S. Dist. LEXIS 66258, at *38-39, n. 15 (D.N.J. Sept. 7, 2007) ("Centurion contends that because it is the only institutional investor, which Centurion argues is favored by the PSLRA, it should be appointed as the Lead Plaintiff. The suggestion that Centurion is entitled to some preferential treatment as an institutional investor is misplaced. The predicate of PSLRA's aim to encourage institutional

9

investors to seek a more active role in securities class actions is explicit in the body of the statute-namely, that investors with the largest financial interest are the presumptively most adequate plaintiff."); *Francisco v. Abengoa, S.A.,* Nos. 15 Civ. 6279 (ER), et. al., 2016 U.S. Dist. LEXIS 68145, at *16 (S.D.N.Y. May 24, 2016) ("Local 675 has not provided any authority suggesting that its status as an institutional investor can overcome the presumption of adequacy accorded to the [individual investors] who undeniably have the largest financial interest in this case."). In sum, there is no basis in either the clear text of the PSLRA or in federal securities jurisprudence to appoint West Palm Beach Police Pension Fund as Lead Plaintiff rather than Mr. Dujmovic simply because it is an institutional investor.

Second, Mr. Dujmovic's professional employment in the education industry does not constitute proof of inadequacy; if anything, it makes him all the more qualified to serve as the lead plaintiff in this action as an educated and informed investor. While Mr. Dujmovic's counsel was first informed of this potential argument yesterday at approximately 4:30 p.m. EDT, a quick review of the facts and case law show that there is absolutely no support for such an argument. Mr. Dujmovic runs an educational service focused on financial literacy. Through his company, he provides market information and analysis (but no personalized financial advice). A shareholder's professional occupation in the educational finance industry does not preclude him from serving as a lead plaintiff. *See, e.g., Shim v. DZS Inc.*, No. 4:23-CV-549-SDJ, 2025 U.S. Dist. LEXIS 34148, at *11-16 (E.D. Tex. Feb. 26, 2025) (appointing investment advisor as lead plaintiff). Moreover, Mr. Dujmovic relied strictly on Krispy Kreme's public statements when deciding to purchase his shares, thereby eliminating any prospects of a "unique defense" based on concerns that he traded in some way that was atypical to the average class member. *See, e.g., Banurs v. Li Auto Inc.*, No. 24-cv-3470 (DG) (VMS), 2024 U.S. Dist. LEXIS 234174, at *19-20 (E.D.N.Y. Dec. 30, 2024)

(appointing financial stock analyst as lead plaintiff because he relied on "publicly available information in purchasing" stock) (internal quotations omitted).

None of these issues rise to the level of proof necessary to rebut Mr. Dujmovic's presumption as lead plaintiff. They also do not justify any request for taking discovery at this point in the litigation. The PSLRA states that "discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted *only if* the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iv). "Courts must also, however, take care to prevent the use of discovery to harass presumptive lead plaintiffs, something that the Reform Act was meant to guard against." *Cendant*, 264 F.3d at 270 n.49. As a result, "speculative assertions" are "insufficient to rebut the presumption [of] most adequate plaintiff" and also fail to "'demonstrate a reasonable basis' for a finding of inadequacy" for purposes of seeking discovery. *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997). Moreover, "such discovery will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome." *In re Tronox, Inc.*, 262 F.R.D. 338, 347-48 (S.D.N.Y. 2009); *Borenstein v. Finova Grp.*, No. CIV 06-619-PHX-SMM, 2000 U.S. Dist. LEXIS 14732, at *24 (D. Ariz. Aug. 30, 2000) ("The statute provides an accelerated timeline for resolving lead Plaintiff issues in order to facilitate the efficient resolution of securities class actions. Permitting limited discovery now would only further delay the meaningful start of this lawsuit.").

## CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Dujmovic respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Actions;

and (2) approve Levi & Korsinsky LLP as Lead Counsel for the Class and Ranchor Harris Law as Liaison Counsel.

Dated: July 29, 2025

Respectfully Submitted,

By: /s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III
**RANCHOR HARRIS LAW**
1784 Heritage Center Drive, Suite 204-E
Wake Forest, NC 27587
Tel.: (919) 586-8760
Email: ranchor@ranchorharris.com
Fax: 919-589-4845
State Bar No. N.C. 21022

*Laision Counsel for Jan Dujmovic and [Proposed] Laision Counsel for the Class*

Adam M. Apton (*pro hac vice* forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant Jan Dujmovic and [Proposed] Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III