**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-CV-00332-MOC-SCR |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No. 3:25-CV-469-MOC-DCK |

**JAN DUJMOVIC'S MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND**
<u>**APPROVAL OF SELECTION OF COUNSEL**</u>

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.    MR. DUJMOVIC IS THE PRESUMPTIVE LEAD PLAINTIFF. ................................ 2

II.   WPB POLICE DOES NOT HAVE ANY "PROOF" TO REBUT MR. DUJMOVIC'S PRESUMPTION AS LEAD PLAINTIFF ...................................................... 4

III.  MR. DUJMOVIC'S SUPPLEMENTAL DECLARATION ADDRESSES THE REAL ISSUE POTENTIALLY IN DISPUTE—HIS KRISPY KREME INVESTMENT HISTORY ................................................................................ 7

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Blake v. Canoo Inc.,*
   No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484 (C.D. Cal. Feb. 18, 2022) ...... 4

*Borenstein v. Finova Grp.*,
   No. CIV 06-619-PHX-SMM, 2000 U.S. Dist. LEXIS 14732 (D. Ariz. Aug. 30, 2000).......... 2

*In re Cendant Corp. Litigation*,
   264 F.3d 201 (3d Cir. 2001)................................................................................... 4, 8

*In re Cree, Inc. Sec. Litig.,*
   219 F.R.D. 369 (M.D.N.C. 2003) ........................................................................ 1, 3

*Ferrari v. Impath, Inc.,*
   C.A. No. 03-cv-5667(DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. 2004)........................ 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................... 9

*Grad v. Ironnet, Inc.*,
   No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist. LEXIS 125880 (E.D. Va. July 15, 2022).... 5

*Guohua Zhu v. UCBH Holdings, Inc.,*
   682 F. Supp. 2d 1049 (N.D. Cal. 2010) ................................................................ 8

*Hayes v. Enphase Energy, Inc.*,
   No. 24-cv-04249-JD, 2025 U.S. Dist. LEXIS 63597 (N.D. Cal. Mar. 31, 2025).................... 7

*Hodges v. Immersion Corp.,*
   No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565 (N.D. Cal. Dec. 21, 2009)................ 9

*Jumei Int'l Holding Ltd.*,
   Nos. 14cv9826, *et al.*, 2015 U.S. Dist. LEXIS 86776 (S.D.N.Y. June 22, 2015) ................... 7

*In re KIT Digital Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ........................................................................... 10

*McIntyre v. Chelsea Therapeutics Int'l.,*
   No. 3:12-cv-213-MOC-DCK, 2012 U.S. Dist. LEXIS 115481 (W.D.N.C. Aug. 16, 2012) 1, 3

*Mersho v. United States District Court*,
   6 F.4th 891 (9th Cir. 2021) ............................................................................... 5, 7

Case 3:25-cv-00332-MOC-SCR     Document 42     Filed 08/05/25     Page 3 of 16

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,
    C.A. No. 09-md-02063-JLK-KMT, 2009 U.S. Dist. LEXIS 113555 (D. Colo. Nov. 18,
    2009) ........................................................................................................................... 9

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) ....................................................................... 3

*Rice v. Genworth Fin. Inc.*,
    C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017) ...................... 4

*In re SemGroup Energy Partners, L.P. Sec. Litig.*,
    No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218 (N.D. Okla. Oct. 27, 2008) ........ 4, 5

*Simpson v. Specialty Retail Concepts*,
    149 F.R.D. 94 (M.D.N.C. 1993) ............................................................................... 3

*Tchatchou v. India Globalization Capital, Inc.*,
    Nos. 8:18-cv-03396-PWG, et. al., 2019 U.S. Dist. LEXIS 33329 (D. Md. Feb. 28, 2019) ..... 5

*In re Tronox, Inc.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................... 9

*Twitchell v. Enovix Corp.*,
    No. 23-cv-00071-SI, 2023 U.S. Dist. LEXIS 74446 (N.D. Cal. Apr. 28, 2023) ...................... 7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ............................................................................... 3

**Statutes**

15 U.S.C. §78u-4 ............................................................................................. 1, 2, 4, 7

**Rules**

Fed. R. Civ. P. 23(a)(3) ........................................................................................... 3

## PRELIMINARY STATEMENT

With losses in excess of $836,000, Mr. Dujmovic clearly possesses the "largest financial interest" in the litigation. He also satisfies the typicality and adequacy requirements necessary to trigger the PSLRA's lead plaintiff presumption. *See McIntyre v. Chelsea Therapeutics Int'l.*, No. 3:12-cv-213-MOC-DCK, 2012 U.S. Dist. LEXIS 115481, at *5 (W.D.N.C. Aug. 16, 2012); *see also In re Cree, Inc. Sec. Litig.,* 219 F.R.D. 369, 372 (M.D.N.C. 2003) (a "presumptive lead plaintiff need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of the rule to be appointed."). That said, Mr. Dujmovic should be appointed lead plaintiff unless another movant has "proof" (*i.e.*, not speculation) that he will not fairly protect the interests of his fellow shareholders or is subject to a unique defense that renders him incapable of adequately representing the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) ("The presumption . . . may be rebutted only upon proof").

Only one competing movant has attempted to rebut Mr. Dujmovic's statutory presumption as the lead plaintiff. This movant, the West Palm Beach Police Pension Fund ("WPB Police"), argues that Mr. Dujmovic should be disqualified because he has a "cryptic background" and runs a "stock promotion website." *See* ECF No. 34, p. 4. Neither of these claims is true. Mr. Dujmovic holds a Bachelor's Degree in Economics. He currently resides in Dubai and runs an online education company focused on financial literacy. Critically, WPB Police does not articulate how anything about Mr. Dujmovic (1) creates a conflict with other Krispy Kreme shareholders or (2) otherwise prevents him from adequately representing the class. Without proof on these two points, WPB Police cannot rebut the strong presumption in Mr. Dujmovic's favor as the lead plaintiff.

The reality of the situation is quite different than what WPB Police speculates. As detailed in the accompanying supplemental declaration filed herewith, Mr. Dujmovic carefully considered

Krispy Kreme before investing. He studied the Company's public filings and conducted extensive market research. He relied heavily on Defendants' statements about Krispy Kreme's partnership with McDonald's and, importantly, believed Defendants when they told investors that the concept had been tested and proven. Mr. Dujmovic invested throughout the Class Period in response to Defendants' pattern of positive, bullish statements. Ultimately, Mr. Dujmovic makes for an excellent class representative, as an investor who put in the work, researched the stock, relied on Defendants' public statements, but lost out in the end for reasons outside of his control, *i.e.*, Defendants' alleged fraud. Given the amount of money at stake for Mr. Dujmovic along with his familiarity with the Company, he should be approved as the lead plaintiff without further delay. *See Borenstein v. Finova Grp*., No. CIV 06-619-PHX-SMM, 2000 U.S. Dist. LEXIS 14732, at *24 (D. Ariz. Aug. 30, 2000) ("The statute provides an accelerated timeline for resolving lead Plaintiff issues in order to facilitate the efficient resolution of securities class actions. Permitting limited discovery now would only further delay the meaningful start of this lawsuit.").[1]

## **ARGUMENT**

### I.     **MR. DUJMOVIC IS THE PRESUMPTIVE LEAD PLAINTIFF.**

The PSLRA provides that the Court must appoint the lead plaintiff movant that has both the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Dujmovic meets both requirements.

With a loss of over $836,000, Mr. Dujmovic has, by far, the largest financial interest of any of the lead plaintiff movants. WPB Polic concedes this point. *See* WPB Police's Opposition, ECF No. 34 at p. 2 ("Dujmovic has a larger claimed loss than WPB Police."). Mr. Dujmovic also

---

[1] Mr. Dujmovic will oppose WPB Police's Motion for Discovery in full pursuant to LCvR 7.1(e).

satisfies the typicality and adequacy requirements of Rule 23. At this stage in the litigation, a "presumptive lead plaintiff need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of the rule to be appointed." *McIntyre*, 2012 U.S. Dist. LEXIS 115481, at *5; *see also Cree*, 219 F.R.D. at 372. "In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (alteration in original).

As set forth in his opening and opposition briefs (ECF Nos. 13, 33), Mr. Dujmovic satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3) because his "claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *See Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 99 (M.D.N.C. 1993). Likewise, Mr. Dujmovic satisfies the adequacy requirement of Rule 23(a)(4) because he has no conflicts with other Class Members. *See* ECF No. 13 at 9; ECF No. 33 at 6-9; *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Further, his chosen counsel, Levi & Korsinsky, LLP, are well qualified and well suited to conduct this litigation. *See* ECF. No. 14-5 (Levi & Korsinsky firm resume).

Mr. Dujmovic also demonstrated his willingness and qualifications to serve as the lead plaintiff. In support of his motion, he filed a sworn declaration describing his work experience, years of investing, and educational background. *See* ECF No. 14-4 (Mr. Dujmovic's Declaration). Mr. Dujmovic submitted this declaration in addition to the statutorily required certification, which confirmed that he would be willing to travel to the U.S. to participate in the litigation notwithstanding the fact that he resides in the UAE. *See* ECF. No. 14-1 (certifying requirements

for serving as lead plaintiff, including willingness to "provid[e] testimony at deposition and trial, if necessary").

In light of the foregoing, Mr. Dujmovic properly made a *prima facie* showing of his adequacy to serve as the lead plaintiff and, in turn, his entitlement to the statutory presumption of "most adequate plaintiff" under the PLSRA. Indeed, as illustrated under the case law, Mr. Dujmovic's certification, selection of counsel, and background information provide more than enough information to demonstrate his adequacy to serve as the lead plaintiff. *Blake v. Canoo Inc.,* No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484, at *15-16 (C.D. Cal. Feb. 18, 2022) (appointed movant who provided declaration containing background information); *In re SemGroup Energy Partners, L.P. Sec. Litig.*, No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *6 (N.D. Okla. Oct. 27, 2008) (declaration from movant supports finding of adequacy and counsels in favor of appointment).

## II. WPB POLICE DOES NOT HAVE ANY "PROOF" TO REBUT MR. DUJMOVIC'S PRESUMPTION AS LEAD PLAINTIFF.

Mr. Dujmovic's preliminary showing of both the largest loss and satisfaction of Rule 23 entitles him to the presumption of "most adequate plaintiff." 15 U.S.C. §78u-4(B)(iii)(i). This presumption may be rebutted only upon ***proof*** by a class member that Mr. Dujmovic "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §78u-4(a)(3)(B)(iii)(II); *In re Cendant Corp. Litigation*, 264 F.3d 201, 268 (3d Cir. 2001); *see also Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *24 (E.D. Va. Aug. 25, 2017) ("To demonstrate that the lead plaintiff will be inadequate, courts require a showing of 'specific support in evidence of the existence of an actual or potential conflict of interest.'"). This is a statutory

requirement and, in practice, requires a significant proffer of evidence. *See SemGroup,* 2008 U.S. Dist. LEXIS 87218, at *7-8 ("The burden of proof of inadequacy of the presumptive lead plaintiff rests with parties contesting its appointment. Challengers must provide a concrete showing of a conflict of interest to rebut the presumption of adequacy. Moreover, speculative assertions are insufficient to rebut the lead plaintiff presumption. Mere innuendo and inferences will not suffice to support allegations of atypicality, conflict of interest or unique defenses.") (internal citations omitted); *see also Grad v. Ironnet, Inc.*, No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist. LEXIS 125880, at *17-18 (E.D. Va. July 15, 2022) ("[w]ithout such hard 'proof' required by the PSLRA, this Court will not discount the high burden of proof that challengers must overcome to successfully rebut the lead plaintiff presumption."); *Tchatchou v. India Globalization Capital, Inc.*, Nos. 8:18-cv-03396-PWG, et. al., 2019 U.S. Dist. LEXIS 33329, at *22-23 (D. Md. Feb. 28, 2019) ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job.").

The Ninth Circuit in *Mersho v. United States District Court*, 6 F.4th 891 (9th Cir. 2021), recently confirmed that the presumption can only be rebutted with "proof" (not speculation or concerns). "Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant becomes the presumptively most adequate plaintiff." *Id*. at 899 (internal quotations omitted). Thereafter, "[t]he presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. But

just because the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. The statute requires proof that the presumptive lead plaintiff is not adequate." *Id.* (internal quotations and citations omitted). The Ninth Circuit went on to hold that the district court committed reversible error after deciding that a competing movant had rebutted a presumption in favor of another movant based on "misgivings" about adequacy (instead of the "proof" required by the statute). *Id.* at 900-01 (holding that "misgivings" about lead plaintiff group's formation was insufficient to rebut statutory presumption).

For everything WPB Police tries to say about Mr. Dujmovic, they fail to explain why any of it matters or otherwise demonstrates how he is incapable of representing the class. Specifically, while WPB Police claim that Mr. Dujmovic's whereabouts are "mysterious" (WPB Police's Opposition, ECF No. 34 at p. 1), he has already confirmed that he resides solely in Dubai (Mr. Dujmovic's Declaration, ECF No. 14-4) and is willing to travel to "provid[e] testimony at deposition and trial" (Mr. Dujmovic's Certification, ECF No. 14-1). WPB Police also claim that Mr. Dujmovic "operates a dubious, for-profit, subscription-based stock advising website" (WPB Police's Opposition, ECF No. 34 at p. 2), when, in reality, he has on online educational business focusing on financial literacy and investing that has no connection to his investment in Krispy Kreme (*See* Mr. Dujmovic's Supplemental Declaration). WPB Police even goes so far as to accuse Mr. Dujmovic of violating "federal securities laws and SEC disclosure regulations" without any legal support (WPB Police's Opposition, ECF No. 34 at p. 3), contrary to the fact that he is not a registered financial advisor and that all investments he made were for himself only (Mr. Dujmovic's Supplemental Declaration, ¶4). In sum, without any connection between these perceived gripes about Mr. Dujmovic and his actual ability to adequately represent the class, WPB

Police's arguments fall woefully short of the "proof" necessary to rebut Mr. Dujmovic's status as the presumptive lead plaintiff.

"For the presumption to have meaning at step three, competing movants must point to evidence of inadequacy. Competing movants must convince the district court that the presumptive lead plaintiff would not be adequate, not merely that the district court was wrong in determining that the prima facie elements of adequacy were met." *Mersho*, 6 F.4th at 901. WPB Police have not done this; they have not pointed to any "evidence" of inadequacy or otherwise shown that "[Mr. Dujmovic's] actual trading practices . . . disprove his adequacy or typicality at this stage of the case." *Hayes v. Enphase Energy, Inc.*, No. 24-cv-04249-JD, 2025 U.S. Dist. LEXIS 63597, at *7 (N.D. Cal. Mar. 31, 2025); *Twitchell v. Enovix Corp.*, No. 23-cv-00071-SI, 2023 U.S. Dist. LEXIS 74446, at *22-23 (N.D. Cal. Apr. 28, 2023) (rejecting argument that hedge fund was atypical and/or profited from alleged fraud where movants failed to support arguments with proof, as required by statute).

## III. MR. DUJMOVIC'S SUPPLEMENTAL DECLARATION ADDRESSES THE REAL ISSUE POTENTIALLY IN DISPUTE—HIS KRISPY KREME INVESTMENT HISTORY.

Discovery at the lead plaintiff stage is extremely uncommon. It is allowed in extraordinary scenarios "***only if*** the plaintiff [seeking discovery] ***first*** demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iv); *see also Jumei Int'l Holding Ltd.*, Nos. 14cv9826, *et al.*, 2015 U.S. Dist. LEXIS 86776, at *10-11 (S.D.N.Y. June 22, 2015) (noting limited scope of discovery permitted by the PSLRA). When considering discovery at the lead plaintiff stage, courts have cautioned that they "must . . . take care to prevent the use of discovery to harass presumptive

lead plaintiffs, something that the [PSLRA] was meant to guard against." *Cendant*, 264 F.3d at 270 n.49; *see also Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (noting that "Courts are to take care to prevent the use of discovery to harass presumptive lead plaintiffs, something the Reform Act was meant to guard against.").

WPB Police's request for discovery is a heavy-handed attempt at scaring Mr. Dujmovic away from participating in this case. The information it seeks has nothing to do with his ability to serve as lead plaintiff and everything to do with being as invasive as possible to dissuade Mr. Dujmovic from pursuing his motion. For example, WPB Police demand that Mr. Dujmovic provide a litany of information concerning his websites and social media profiles, compensation (including subscription fees) received in connection with services from his business, and disclose all clients and subscribers of Mr. Dujmovic's services. WPB Police makes no effort at explaining why this information is remotely relevant to assessing Mr. Dujmovic's ability to represent the class and/or his vulnerability to any particular "unique defense."

The focus of the inquiry should be on Mr. Dujmovic's investment background in Krispy Kreme and whether there is anything about it that would create a conflict with his fellow shareholders or render him incapable of adequately representing the class. Mr. Dujmovic's supplemental declaration (filed herewith) speaks directly to that question. As explained, Mr. Dujmovic did extensive research before investing in Krispy Kreme and continued to closely monitor the Company during the Class Period. In Mr. Dujmovic's eyes, Krispy Kreme was a safe long-term investment due to its strong brand recognition, global footprint, and what appeared to be a promising distribution strategy with their McDonald's collaboration. Mr. Dujmovic made an informed decision before investing in Krisy Kreme, reading through the Company's quarterly and annual filings, earnings transcripts, press releases, investor presentations and management's

guidance and commentary on expansion. Mr. Dujmovic invested in Krispy Kreme in March 2024 and continued to invest until March 2025, all the while monitoring news around the deal and the Company. Mr. Dujmovic invested in Krispy Kreme based on their public statements, SEC filings, and earnings commentary, at no point in time did he receive any inside or non-public information about Krispy Kreme. Mr. Dujmovic believed in the Company's long-term vision repeated by management, and as a result he suffered a personal loss of approximately $850,000. *See* Mr. Dujmovic's Supplemental Declaration.

WPB Police's attempt to shift the spotlight to Mr. Dujmovic's personal life does not raise the burden of proof for a movant or otherwise change the lead plaintiff analysis under the PSLRA. *Foley v. Transocean Ltd*., 272 F.R.D. 126, 131 (S.D.N.Y. 2011) (finding that the presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality and rejecting challenge founded on speculation). Indeed, Mr. Dujmovic's occupation does not provide any "reasonable basis" for discovery. *See In re Oppenheimer Rochester Funds Grp. Sec. Litig.,* C.A. No. 09-md-02063-JLK-KMT, 2009 U.S. Dist. LEXIS 113555, at *24-25 (D. Colo. Nov. 18, 2009) ("The PSLRA limits discovery relating to whether a member of a purported class is the most adequate plaintiff to situations in which the movant "first demonstrates a reasonable basis" for its assertions of inadequacy."); *see also Hodges v. Immersion Corp.,* No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565, at *12-13 (N.D. Cal. Dec. 21, 2009) (citing *Ferrari v. Impath, Inc.,* C.A. No. 03-cv-5667(DAB), 2004 U.S. Dist. LEXIS 13898, *24 (S.D.N.Y. 2004) (holding, where putative class member "produced not one iota of evidence" in support of theory presumptively most adequate plaintiff would be incapable of adequately representing class, class member not entitled to discovery)); *In re Tronox, Inc.,* 262 F.R.D. 338, 347-348 (S.D.N.Y. 2009) (denying discovery request without "sufficient evidence to give rise to a reasonable basis on which to authorize

discovery" and where "such discovery [would] only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome").

WPB Police has not met the PSLRA's standard for lead plaintiff discovery. *In re KIT Digital Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013) (concluding that the failure to bring "proof or specific claims to rebut [a movant]'s adequacy . . . is a failure to 'demonstrate[] a reasonable basis'" for permitting discovery). Mr. Dujmovic has already adequately described his background information and commitment to this case. WPB Police's questions are nothing more than an attempted scare tactic that would result in unnecessary delay and an unfair invasion of privacy. WPB Police's discovery request should be denied—as should its motion for appointment as Lead Plaintiff.

<u>**CONCLUSION**</u>

For the reasons set forth above and in the opening motion papers, Mr. Dujmovic respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Actions; and (2) approve Levi & Korsinsky LLP as Lead Counsel for the Class and Ranchor Harris Law as Liaison Counsel.


Dated: August 5, 2025                    Respectfully Submitted,

                                         By: <u>*/s/ S. Ranchor Harris, III*</u>
                                         S. Ranchor Harris, III
                                         **RANCHOR HARRIS LAW**
                                         1784 Heritage Center Drive, Suite 204-E
                                         Wake Forest, NC 27587
                                         Tel.: (919) 586-8760
                                         Email: ranchor@ranchorharris.com
                                         Fax: 919-589-4845
                                         State Bar No. N.C. 21022

                                         *Laision Counsel for Jan Dujmovic and*
                                         *[Proposed] Laision Counsel for the Class*

10

Adam M. Apton (*pro hac vice* forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant Jan Dujmovic and
[Proposed] Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III