| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-CV-00332-MOC-SCR |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No. 3:25-CV-469-MOC-DCK |

### JAN DUJMOVIC'S MEMORANDUM IN OPPOSITION TO WEST PALM BEACH POLICE PENSION FUND'S MOTION <u>FOR DISCOVERY</u>

## PRELIMINARY STATEMENT

Mr. Dujmovic is the movant with the largest financial interest that meets the adequacy and typicality requirements of Rule 23, therefore requiring his appointment as lead plaintiff in the Actions. Mr. Dujmovic has provided extensive information about his background, investment experience, sophistication and transactions in Krispy Kreme securities (among other information) in his opening brief, certification, declaration, opposition brief, reply brief, and supplemental declaration. *See* ECF Nos. 13, 14-1, 14-4, 33, 42, and 43 respectively. Collectively, Mr. Dujmovic's showing on the motion papers evidences his ability to serve as lead plaintiff and satisfies the requirements of the PSLRA and Rule 23(a).

The West Palm Beach Police Pension Fund ("WPB Police") filed a motion seeking discovery from Mr. Dujmovic. *See* ECF No. 35. WPB Police claims that there is a "lack of evidentiary basis in support of Dujmovic's motion for appointment as lead plaintiff." *Id*. This is untrue. Mr. Dujmovic complied with the PSLRA's evidentiary requirements by providing the necessary "Certification" as well as additional information concerning his professional and educational background to demonstrate his typicality and adequacy under Rule 23(a). He then provided additional information concerning his investment background in Krispy Kreme showing that he is the ideal investor to lead this shareholder class. Indeed, despite his diligent efforts at researching the stock before investing and then following the news about Defendants' partnership with McDonald's, he sustained significant damages as a result of the alleged fraud. Those damages far surpass WPB Police's damages. Notwithstanding, WPB Police tries to circumvent the PSLRA by making unsubstantiated accusations against Mr. Dujmovic in hopes of raising concerns about his ability to represent the class. There is no evidence for WPB Police's accusations and, despite

the information they submit in support of their motion, there is nothing articulating (let alone demonstrating) any basis to question Mr. Dujmovic's ability to pursue this case.

In sum, the PSLRA allows for discovery concerning the appointment of lead plaintiff and counsel "***only if*** the [competing party] first demonstrates ***a reasonable basis*** for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv) (emphasis added). WPB Police has failed to meet this "reasonable basis" threshold. Mr. Dujmovic respectfully asks the Court to deny WPB Police's motion for discovery and appoint Mr. Dujmovic as lead plaintiff.

## ARGUMENT

### I.      THE STANDARD FOR GRANTING DISCOVERY AT THE LEAD PLAINTIFF STAGE.

Discovery at the lead plaintiff stage is allowed in extraordinary situations "***only if*** the plaintiff [seeking discovery] ***first*** demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iv); *see also Jumei Int'l Holding Ltd.*, Nos. 14cv9826, *et al.*, 2015 U.S. Dist. LEXIS 86776, at *10-11 (S.D.N.Y. June 22, 2015) (noting limited scope of discovery permitted by the PSLRA). This "reasonable basis" threshold must be met before discovery can be permitted. *See Bowers v. Tesaro Inc.,* Civil Action No. 18-cv-10086-ADB, 2018 U.S. Dist. LEXIS 75514, at *10 (D. Mass. May 4, 2018) ("for the same reasons that [WPB Police] failed to rebut the presumption that [Mr. Dujmovic] is the most adequate plaintiff, there is no basis for conducting limited discovery in this case.").

Courts have cautioned that they "must . . . take care to prevent the use of discovery to harass presumptive lead plaintiffs, something that the [PSLRA] was meant to guard against."

3

*Cendant*, 264 F.3d at 270 n.49; *see also Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (noting that "Courts are to take care to prevent the use of discovery to harass presumptive lead plaintiffs, something the Reform Act was meant to guard against."). Mere "speculative assertions" are "insufficient to rebut the presumption [of] most adequate plaintiff" and also fail to "'demonstrate a reasonable basis' for a finding of inadequacy" for purposes of seeking discovery. *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997). Granting discovery at this stage in the litigation "will only cause unnecessary delay and expense." *In re Tronox Inc.*, 262 F.R.D. at 347-48 (S.D.N.Y. 2009); *see also Borenstein v. Finova Grp.*, No. CIV 06-619-PHX-SMM, 2000 U.S. Dist. LEXIS 14732, at *24 (D. Ariz. Aug. 30, 2000) ("The statute provides an accelerated timeline for resolving lead Plaintiff issues in order to facilitate the efficient resolution of securities class actions. Permitting limited discovery now would only further delay the meaningful start of this lawsuit.").

## II.   WPB POLICE HAS NOT MET ITS BURDEN TO GRANT DISCOVERY.

WPB Police has not met the PSLRA's "reasonable basis" standard for discovery at the lead plaintiff stage. *In re KIT Digital Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013) (concluding that the failure to bring "proof or specific claims to rebut [a movant]'s adequacy . . . is a failure to 'demonstrate[] a reasonable basis'" for permitting discovery). Mr. Dujmovic's business is disconnected from any potential unique defenses and WPB Police has provided no explanation about how any of its "concerns" relate to Mr. Dujmovic's adequacy.

WPB has shown no tangible link between Mr. Dujmovic's business and any apparent unique defense other than some speculative civil liability for being an unregistered broker (WPB Police's Opposition, ECF No. 34 at p. 3). WPB Police's speculation about Mr. Dujmovic's status as an unregistered broker does not constitute proof of anything, and comes nowhere close to

4

showing that potential civil liability would stand in the way of him serving as the lead plaintiff. WPB Police's speculation also does not overcome the fact that all investments he made were for himself only (Mr. Dujmovic's Supplemental Declaration, ECF No. 43 at ¶4). Mr. Dujmovic decided to make a substantial, long-term investment in Krispy Kreme because it seemed more fundamentally sound and less speculative in nature than other stocks. *Id*. at ¶5. Krispy Kreme led Mr. Dujmovic to believe it was a safe place to invest his money for the next several years as they rolled out nationwide and increased sales and profits. *Id*. at ¶6. Mr. Dujmovic closely monitored Krispy Kreme and continuously reviewed information disseminated by management. *Id*. at ¶7. Over the course of a year, Mr. Dujmovic slowly built up his position in Krispy Kreme, all the while monitoring news around the company and earnings calls. *Id*. at ¶¶8-10. Mr. Dujmovic believed in the company's long-term vision, took a disciplined, research based approach, and believes strongly that he was misled. *Id*. ¶11. Mr. Dujmovic is committed to provide excellent representation, achieve the maximum recovery possible for Krisy Kreme shareholders, and discourage corporate actors from engaging in similar fraudulent conduct in the future. *Id*. ¶12.

Without any real unique defense being articulated by WPB Police, it has not met the standard. WPB Police demands that Mr. Dujmovic answer a plethora of invasive and unrelated questions regarding his websites, social media profiles, compensation received in connection with his business, and clients and subscribers of Mr. Dujmovic's services. WPB Police makes no effort at explaining why this information is remotely relevant to assessing Mr. Dujmovic's ability to represent the class and/or his vulnerability to any particular "unique defense." Instead, WPB Police's supposed need for discovery is a blatant attempt at scaring Mr. Dujmovic away from the case, which is completely improper and amounts to an abuse of the PSLRA's allowance for discovery.

### III. WPB POLICE'S ARGUMENT IS UNSUPPORTED.

The cases cited by WPB Police do not support its argument to grant discovery. In *Ollila v. Babcock & Wilcox Enters.,* discovery was not granted, or even requested by either movant, and the movant with the largest financial interest was appointed lead plaintiff. *Ollila v. Babcock & Wilcox Enters.*, 253 F. Supp. 3d 827 (W.D.N.C. 2017). In *Applestein v. Medivation Inc.*, the court allowed discovery into a movant because it was a hedge fund, not an individual movant like Mr. Dujmovic. The court granted discovery because "hedge funds are known for engaging in speculative, risky and atypical investments; the lack of transparency and publically available information about [movant] makes it impossible for the parties or the court to determine whether or not [movant] is a typical investor." *Applestein v. Medivation, Inc.*, No. C 10-00998 MHP, 2010 U.S. Dist. LEXIS 98255, at *15 (N.D. Cal. Sep. 17, 2010). In *Andrade v. Am. Apparel, Inc.,* discovery was granted because the movant had several impediments, including a suit filed against him "alleging accounting manipulations", his company filed bankruptcy and the defendant company was listed as one of the creditors, and his company was audited and "had underreported corporate franchise taxes by more than $150,000 during the class period." *Andrade v. Am. Apparel*, No. CV 10-06352 MMM (RCx), 2011 U.S. Dist. LEXIS 160807, at *5-6 (C.D. Cal. Jan. 21, 2011). None of these impediments affect Mr. Dujmovic.

WPB Police also relies heavily on *Averza v. Super Micro Computer, Inc.*, to support its motion for discovery. *See* ECF No. 35, WPB Police's Motion for Discovery. However, that case is inapposite. In *Averza,* the court granted discovery after "serious concerns" were raised by a competing movant regarding the presumptive lead plaintiff. The request for discovery revolved around several issues, including the ownership structure and decision-making processes of the presumptive lead plaintiff, uncertainty regarding who the beneficial owner was, the presumptive

6

lead plaintiff's financial standing, and the circumstances surrounding the presumptive lead plaintiff's decision to rapidly acquire stock. *See Averza v. Super Micro Comput., Inc.*, No. 5:24-cv-06147-EJD, 2024 U.S. Dist. LEXIS 225307, at *9 (N.D. Cal. Dec. 12, 2024). The concerns raised in *Averza,* which led to the court granting discovery, are dissimilar to concerns raised by WPB Police against Mr. Dujmovic.

*First*, in *Averza,* there were doubts regarding who would hold "the final decision-making authority" and "oversee" the litigation if the presumptive lead plaintiff was appointed. *Averza*, No. 5:24-cv-06147-EJD, 2024 U.S. Dist. LEXIS 225307, at *12-13. Mr. Dujmovic has proven his commitment to this case and provided an exhaustive amount of information to assuage WPB Police. Mr. Dujmovic's certification, declarations, selection of counsel, and background information provide more than enough information to demonstrate his adequacy to serve as the lead plaintiff. *Blake v. Canoo Inc.,* No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484, at *15-16 (C.D. Cal. Feb. 18, 2022) (appointed movant who provided declaration containing background information); *In re SemGroup Energy Partners, L.P. Sec. Litig.*, No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *6 (N.D. Okla. Oct. 27, 2008) (declaration from movant supports finding of adequacy and counsels in favor of appointment).

*Second*, in *Averza*, the presumptive lead plaintiff's circumstances surrounding its investment in Super Micro stock was questioned because it "amassed its entire $144 million position in Super Micro stock over the course of six weeks" and it was unclear whether it "relied on Super Micro's alleged misrepresentations to purchase Super Micro stock, like the typical class member, or of some other reason might have driven [its] decision to rapidly acquire stock." *Averza*, No. 5:24-cv-06147-EJD, 2024 U.S. Dist. LEXIS 225307, at *15-16. Mr. Dujmovic has, in great detail, explained his reasoning behind investing in Krispy Kreme. Mr. Dujmovic made an informed

decision before investing in Krisy Kreme, reading through the Company's quarterly and annual filings, earnings transcripts, press releases, investor presentations and management's guidance and commentary on expansion. Mr. Dujmovic invested in Krispy Kreme in March 2024 and continued to invest until March 2025, all the while monitoring news around the deal and the Company. Mr. Dujmovic invested in Krispy Kreme based on their public statements, SEC filings, and earnings commentary, at no point in time did he receive any inside or non-public information about Krispy Kreme. *See* Mr. Dujmovic's Supplemental Declaration.

*Third*, the reasoning behind the decision to grant discovery in *Averza v. Super Micro Computer, Inc.* further damages WPB Police's arguments. When considering whether to grant discovery, the court reasoned that, "[t]his does not mean, however, that courts may conduct "wide-ranging" inquiries into any matter that may bear on a plaintiff's ability to serve as lead plaintiff." *Averza*, No. 5:24-cv-06147-EJD, 2024 U.S. Dist. LEXIS 225307, at *3-4 (citing *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)). Further explaining that "such discovery is not meant as a tool "to harass presumptive lead plaintiffs." *Id*. at *6 (citing *In re Cendant Corp. Litig*., 264 F.3d 201, 270 n.49 (3d Cir. 2001)). The court even chose not to grant discovery regarding the presumptive lead plaintiff's choice of counsel, stating that, "speculation is certainly not the "proof" required to rebut the presumption of adequacy. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(II). Nor is it enough to establish a reasonable basis for discovery. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv)." *Id*. at *16.

## CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Dujmovic respectfully requests that this Court: (1) deny WPB Police's motion for discovery, (2) appoint Mr. Dujmovic as Lead Plaintiff for the Class in the Actions; and (3) approve Levi & Korsinsky LLP as Lead Counsel for the Class and Ranchor Harris Law as Liaison Counsel.

8

Dated: August 12, 2025

Respectfully Submitted,

By: /s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III
**RANCHOR HARRIS LAW**
1784 Heritage Center Drive, Suite 204-E
Wake Forest, NC 27587
Tel.: (919) 586-8760
Email: ranchor@ranchorharris.com
Fax: 919-589-4845
State Bar No. N.C. 21022

*Laision Counsel for Jan Dujmovic and*
*[Proposed] Laision Counsel for the Class*

Adam M. Apton (admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant Jan Dujmovic and*
*[Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *S. Ranchor Harris, III*
S. Ranchor Harris, III