# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| DAVID CAMERON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-cv-00332-MOC-SCR<br><br>Hon. Max O. Cogburn, Jr.<br><br>CLASS ACTION<br><br>**ORAL ARGUMENT REQUESTED** |
| ELIZABETH LEODLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRISPY KREME, INC., JOSH CHARLESWORTH, and JEREMIAH ASHUKIAN,<br><br>Defendants. | Case No.: 3:25-cv-00469-MOC-DCK<br><br>Hon. Max O. Cogburn, Jr.<br><br>CLASS ACTION<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE WEST PALM BEACH POLICE PENSION FUND SEEKING DISCOVERY FROM JAN DUJMOVIC PURSUANT TO SECTION 21D(A)(3)(B)(IV) OF THE SECURITIES EXCHANGE ACT OF 1934**

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ...................................................................................... 1

II.  ARGUMENT .................................................................................................................. 2

    A.  WPB Police Has Established a Reasonable Basis for Discovery ..............................2

    B.  WPB Police's Requests Are Necessary, Narrow, and Warranted .............................3

III.  CONCLUSION ............................................................................................................... 6

i

**Cases**

*Amswiss Int'l Corp. v. Heublein, Inc.*,
 69 F.R.D. 663 (N.D. Ga. 1975)........................................................................................ 2

*Andrade v. Am. Apparel, Inc.*,
 No. 10-cv-6352, 2011 WL 13131110 (C.D. Cal. Jan. 21, 2011)................................... 5

*Applestein v. Medivation Inc.*,
 No. 10-cv-998, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010)............................... 5, 6

*Averza v. Super Micro Comput., Inc.*,
 No. 24-cv-6147, 2024 WL 5112222 (N.D. Cal. Dec. 12, 2024)................................... 3

*Averza v. Super Micro Comput., Inc.*,
 No. 24-cv-6147, 2025 WL 1771455 (N.D. Cal. June 26, 2025)................................... 5

*Batter v. Hecla Mining Co.*,
 No. 19-cv-5719, 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020).................................. 2

*Borenstein v. Finova Grp. Inc.*,
 No. 00-cv-619, 2000 WL 34524743 (D. Ariz. Aug. 30, 2000) ................................... 3

*Bowers v. Tesaro Inc.*,
 No. 18-cv-10086, 2018 WL 2089358 (D. Mass. May 4, 2018).................................. 3

*Chao Lu v. Jumei Int'l Holding Ltd.*,
 No. 14-cv-9826, 2015 WL 4104570 (S.D.N.Y. June 22, 2015) ................................. 3

*Gluck v. Cellstar Corp.*,
 976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................... 3

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001)........................................................................................ 3

*In re KIT Digital, Inc. Sec. Litig.*,
 293 F.R.D. 441 (S.D.N.Y. 2013) ............................................................................... 4

*In re Safeguard, Scis.*,
 216 F.R.D. 577 (E.D. Pa. 2003).................................................................................. 2

*In re Surebeam Corp. Sec. Litig.*,
 No. 03-cv-1721, 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ................................... 2

*In re Tronox, Inc. Sec. Litig.*,
 262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................... 3

*Newman v. Eagle Bldg. Techs.*,
 209 F.R.D. 499 (S.D. Fla. 2002) ................................................................................... 2

*Zemel Family Trust v. Philips Int'l Realty Corp.*,
 205 F.R.D. 434 (S.D.N.Y. 2002) ................................................................................... 2

*Zhu v. UCBH Holdings, Inc.*,
 682 F. Supp. 2d 1049 (N.D. Cal. 2010) ......................................................................... 3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................ 1, 3

Case 3:25-cv-00332-MOC-SCR    Document 51    Filed 08/19/25    Page 4 of 13

WPB Police respectfully submits this reply memorandum of law in further support of its motion seeking limited discovery of Jan Dujmovic.  *See* ECF No. 35.[1]

## I.  <u>PRELIMINARY STATEMENT</u>

WPB Police is the movant that has the largest financial interest in this case and also satisfies the relevant requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Dujmovic's adequacy and typicality are called into serious question because he—and/or his undisclosed pseudonyms, aliases, and business interests—are implicated in knowing violations of the federal securities laws and other securities-related misconduct, including ***promoting Krispy Kreme common stock to his subscribers without disclosing his ownership interest*** in that security.  *See* WPB Police's lead plaintiff opposition brief, ECF No. 34 ("Opp."), and reply brief, ECF No. 44 ("Reply").  When Congress drafted the PSLRA, it included an express provision allowing for discovery of a tainted movant such as Dujmovic upon a showing of a reasonable basis of inadequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv).  WPB Police has met that low threshold here.

While Dujmovic omits critical facts from his arguments in an attempt to avoid discovery, Dujmovic ***does not dispute*** that Jan Dvic, Mr. Profit, and Profit Trade Room are his alter egos, that Dujmovic operates as an unlicensed and unregistered financial adviser in New York, London, Dubai, and Fujairah, nor that Dujmovic is exposed to potential criminal and civil liability— including for violations of the very federal securities laws at issue in this litigation.  Dujmovic's contention that these facts raise nothing more than "some speculative civil liability for being an unregistered broker" (ECF No. 46 at 4) is simply not credible given the specific and detailed documents and findings from WPB Police's counsel's investigation.  *See* ECF Nos. 36, 45.  This

---

[1] Defined terms take their meanings from WPB Police's discovery motion, ECF No. 35.  Internal quotations and citations are omitted.  All emphases added unless otherwise noted.

undisputed proof gives the Court ample grounds for granting WPB Police the limited discovery it seeks. Of course, counsel for WPB Police remain ready and willing to discuss the scope and content of its requests with the Court, should the Court allow discovery into Dujmovic.

## II.  ARGUMENT

### A.  WPB Police Has Established a Reasonable Basis for Discovery

It is well established that lead plaintiff movants that are implicated in willfully violating the federal securities laws and engaging in other fraudulent conduct relating to securities are unable to act as a fiduciary on behalf of a class. Indeed, a substantial body of case law rejects such movants' applications for lead plaintiff appointments even without discovery. *See In re Surebeam Corp. Sec. Litig.*, No. 03-cv-1721, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (disqualifying movant "incurably tainted by securities industry misconduct" where there was "at least a potential that [movant] will be subject to unique defenses and will not fairly and adequately protect the interests of the class"); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504-05 (S.D. Fla. 2002) (disqualifying movant as inadequate due to violations of the federal securities laws); *Batter v. Hecla Mining Co.*, No. 19-cv-5719, 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) (rejecting movant with history of securities violations due to "the potential for him to be subject to unique defenses that could jeopardize the certification of a class"). The same is true at the class certification stage, where courts routinely disqualify prospective class representatives that lack credibility and that are vulnerable to attacks that prejudice the classes they seek to represent.[2]

---

[2] *See Zemel Family Trust v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 436-37 (S.D.N.Y. 2002) (disqualifying proposed class representative who misrepresented his role in SEC-sanctioned entities and denying class certification); *Amswiss Int'l Corp. v. Heublein, Inc.*, 69 F.R.D. 663, 669 (N.D. Ga. 1975) (disqualifying proposed class representative who engaged in "fraudulent conduct" related to securities and denying class certification); *In re Safeguard Scis.*, 216 F.R.D. 577, 582 (E.D. Pa. 2003) (denying class certification on adequacy grounds given "serious concerns with credibility" of proposed day trader class representative, which raised unique defenses).

2

As such, WPB Police has demonstrated a reasonable basis for discovery—all that the PSLRA and courts require—given the undisputed proof of Dujmovic's lack of candor about his identities and businesses, atypical trading strategies, and exposure to civil and criminal liability. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv); *see also Averza v. Super Micro Comput., Inc.*, No. 24-cv-6147, 2024 WL 5112222, at *5 (N.D. Cal. Dec. 12, 2024) (finding unexplained discrepancies in movant's statements to the court constituted "reasonable grounds to open discovery"). There is no question that allegations of such misconduct are highly relevant to determining whether a movant can make the prima facie showing of adequacy necessary to be appointed Lead Plaintiff.[3]

### B. WPB Police's Requests Are Necessary, Narrow, and Warranted

WPB Police requested and continues to seek information relating to five categories of discovery from Dujmovic, each of which is highly relevant and necessary to determine the true extent of Dujmovic's inadequacy and atypicality. Each request seeks information that is not

---

[3] Dujmovic vaguely argues that WPB Police has no reasonable basis for seeking discovery and warns against "speculative assertions" and "unnecessary delay and expense[,]" ECF No. 46 at 3-4, but none of his authorities apply here, where WPB Police has submitted proof of inadequacy, and Dujmovic himself has been the source of delay by not even attempting to remedy or explain his credibility issues to the Court. *See Chao Lu v. Jumei Int'l Holding Ltd.*, No. 14-cv-9826, 2015 WL 4104570, at *2-3 (S.D.N.Y. June 22, 2015) (finding discovery unnecessary when omission in movant's initial certification was remedied in supplemental certification); *Bowers v. Tesaro Inc.*, No. 18-cv-10086, 2018 WL 2089358, at *3 (D. Mass. May 4, 2018) (denying discovery where no proof of asserted conflicts were presented against movant); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049 (N.D. Cal. 2010) (denying discovery into movant's adequacy regarding press releases issued by his counsel); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997) (denying discovery where no proof was presented for argument that sophisticated institutional investor's adequacy "might later" be challenged); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347-48 (S.D.N.Y. 2009) (denying discovery where no proof presented that foreign investment fund's corporate structure was disqualifying); *Borenstein v. Finova Grp. Inc.*, No. 00-cv-619, 2000 WL 34524743, at *8 (D. Ariz. Aug. 30, 2000) (denying discovery into movants' financial interests where "the PSLRA apparently does not contemplate [such] discovery"). Dujmovic cites the Third Circuit's caution in *In re Cendant Corp. Litigation* against "the use of discovery to harass presumptive lead plaintiffs," 264 F.3d 201, 270 n.49 (3d Cir. 2001), but that could not be further from the case here, where WPB Police seeks to protect the interests of a Class that Dujmovic is putting at unnecessary risk through his own misrepresentations.

publicly available from any other source known to WPB Police and is believed to be readily available to Dujmovic.  The categories include information about: (1) Dujmovic's use of multiple pseudonyms and aliases, dubious claims of operating from New York, London, Dubai, and Fujairah, and his questionable choice to operate through the International Free Zone Authority; (2) Dujmovic's atypical trading strategies such as "day trading"; (3) Dujmovic's operations as an unlicensed and unregistered financial adviser; (4) Dujmovic's failure to disclose his ownership interest in the securities he promotes, including Krispy Kreme common stock, in violation of SEC disclosure rules; and (5) Dujmovic's profits from sales of securities that he touted while failing to disclose his ownership interest in such securities.

WPB Police requested such information from Dujmovic on several occasions, including by telephone conference and by email on July 28, 2025, but to date WPB Police has not received a response from Dujmovic or his counsel (other than Dujmovic's memorandum in opposition to WPB Police's discovery motion, ECF No. 46).  The information that WPB Police has found from public sources raises significant questions regarding who controls Profit Trade Room, the type and extent of the misconduct in which Dujmovic is engaged, who is responsible for that misconduct, and whether such misconduct constitutes knowing violations of the federal securities laws and licensing and registration requirements for financial advisers operating in the United States.

Dujmovic's attempt to characterize WPB Police's evidence of Dujmovic's inadequacy and atypicality as "speculation" has no merit.  *See* ECF No. 46 at 4-5.[4]  Moreover, Dujmovic's

---

[4] The lone authority that Dujmovic cites in support of his contention that WPB Police offers mere speculation, ECF No. 46 at 4, provides him with no support.  The *In re KIT Digital, Inc. Securities Litigation* Court received "no credible proof" that the presumptive lead plaintiff pension fund faced standing issues or other conflicts.  293 F.R.D. 441, 446 (S.D.N.Y. 2013).  Here, WPB Police has submitted evidence that establishes Dujmovic's lack of candor and that he is subject to unique defenses, each disqualifying on their own, and showing he has not met his own prima facie burden.

arguments that "all investments he made were for himself only" and that Dujmovic "believe[d]" Krispy Kreme "was a safe place to invest his money[,]" *id.* at 5, at best misses the point and at worst intentionally dodges the serious questions raised by WPB Police's discovery motion, for example: is Dujmovic the same person as Jan Dvic and Mr. Profit, and does he/they operate Profit Trade Room?  Where does Dujmovic operate?  Why did Dujmovic choose to operate through the International Free Zone Authority in the United Arab Emirates?  Why did Dujmovic omit all of this basic biographical information from his lead plaintiff motion?  Why has Dujmovic doubled- and tripled-down on his contention that he offers educational services?  Does Dujmovic's reliance on atypical trading strategies subject him to unique defenses that prejudice the Class?  Is Dujmovic operating as an unlicensed/unregistered provider of investment advisory services?  Is Dujmovic subject to criminal and civil liability that renders him inadequate to represent the Class?  Serious questions abound, and Dujmovic offers nothing but delay and obfuscation in response.[5]

---

[5] Dujmovic unsuccessfully attempts to distinguish the authorities cited by WPB Police in support of its discovery motion.  *See* ECF No. 46 at 6-8.  For example, central to the *Super Micro* Court's order of limited discovery and subsequent rejection of a lead plaintiff movant was its "serious doubt about [movant's] willingness or ability to meet its obligations of candor to the Court and the putative class," after its repeated failure to correct errors made in prior declarations or commit to providing sufficient information supporting its suitability.  No. 24-cv-6147, 2025 WL 1771455, at *11 (N.D. Cal. June 26, 2025) (order denying lead plaintiff motion of movant after discovery confirmed his inadequacy).  That is a duty of *any* proposed class representative, and Dujmovic, like the disqualified movant in *Super Micro*, has left "serious doubt" of his suitability by continuously misrepresenting the nature of his business or refusing to even so much as acknowledge its existence.  *See id.* at *19 (finding movant's "inaccuracies are [] enough, even standing alone, to generate significant doubts."  Similarly, the court in *Andrade v. American Apparel, Inc.* determined discovery was warranted where alleged misconduct implicating the factors of "honesty and trustworthiness" called into question a movant's "fitness" as a lead plaintiff.  No. 10-cv-6352, 2011 WL 13131110, at *3 (C.D. Cal. Jan. 21, 2011).  The same holds for *Applestein v. Medivation Inc.*, where Dujmovic ignores that that Court's concerns with a movant's "transparency and its trading practices" were the result of the deficiencies of its own declarations about whether it engaged in "speculative, risky and atypical investments."  No. 10-cv-998, 2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010).  While WPB Police has already submitted evidence that Dujmovic engages in exactly that sort of risky, disqualifying investment

5

## III.    <u>CONCLUSION</u>

For the reasons discussed above and in its prior motion, WPB Police respectfully reasserts its request for permission to take discovery on these issues concerning Dujmovic's adequacy to serve as Lead Plaintiff under Rule 23.

Respectfully submitted this 19th day of August 2025.

**TERPENING LAW PLLC**

By: */s/ William R. Terpening*

William R. Terpening
NC Bar No. 36418
221 West 11th Street
Charlotte, NC 28202
Tel.: (980) 265-1700
terpening@terpeninglaw.com

*Local Counsel for Proposed Lead Plaintiff West Palm Beach Police Pension Fund, and Proposed Local Counsel for the Class*

**SAXENA WHITE P.A.**
Marco A. Dueñas (admitted *pro hac vice*)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff West Palm Beach Police Pension Fund, and Proposed Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner (admitted *pro hac vice*)
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202

---

strategy, ECF No. 34 at 11-12, Dujmovic's continued refusal to discuss these matters raises a "suitability issue" proper for discovery. *Medivation*, 2010 WL 3749406, at *5.

6

Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Proposed Lead
Plaintiff West Palm Beach Police Pension
Fund*

7

## ARTIFICIAL INTELLIGENCE CERTIFICATION

I HEREBY CERTIFY that (1) no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, and Bloomberg; and (2) every statement and every citation to an authority contained in this document has been checked by an attorney in this case and working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ William R. Terpening*
William R. Terpening

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ William R. Terpening*
William R. Terpening

Case 3:25-cv-00332-MOC-SCR     Document 51     Filed 08/19/25     Page 13 of 13